

**SO ORDERED.**

**SIGNED this 26 day of May, 2011.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

IN RE:                                                      CASE NO. 10-11180
STEVE DALE BROWN

    Debtor(s)                                        CHAPTER 13

**ORDER GRANTING MOTION TO MODIFY
AND CONFIRMING MODIFIED PLAN**

The debtor has filed a motion to modify the confirmed chapter 13 plan. It appearing that all affected creditors have been served with copies of the motion, the proposed modified plan, and the required Notice; that no objections have been filed or any objections have been overruled or withdrawn; and that the modified plan meets the requirements of the Bankruptcy Code;

IT IS ORDERED THAT:

1. The motion of the debtor to modify is granted;
2. The proposed modified plan, a copy of which is attached, is hereby confirmed and is the plan of the debtor.
3. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13.  Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.

###

APPROVED FOR ENTRY BY:
/s/ C. Kenneth Still, Trustee
C. Kenneth Still, Trustee
P.O. Box 511,
Chattanooga, TN  37401

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF TENNESSEE, SOUTHERN DIVISION

In Re:  
§ Case Number 10-11180  
STEVE DALE BROWN  
§  
§  
Debtor  
§ Chapter 13

## DEBTOR'S MODIFIED CHAPTER 13 PLAN

Dated: 4-19-2011

1. **Payments and Term.**
   The Debtor will pay the Chapter 13 Trustee $~~50.00 per~~ 75 week for Sixty Months by wage assignment and the following additional monies: ~~N/A~~ Tax refunds

2. **Priority Claims (including administrative expenses).**
   (a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the Debtor's attorney in the amount of $ __N/A__ less $ __00.00__ previously paid by the Debtor.
   (b) Except as provided in Paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

3. **Secured Claims.**
   (a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Freedom Road Financial | 2005 Harley Davidson D5 Road King motorcycle | $8000.00 | $175.00 | 7.25 % |

   (b) *Surrender.* The Debtor will surrender the following collateral in full satisfaction of the claim secured thereby:

| Creditor | Collateral to be Surrendered |
|---|---|
| None | |

   (c) *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection.

| Creditor | Estimated Arrearage | Arrearage Monthly Payment | Maintenance Payment | Payment by: |
|---|---|---|---|---|
| Citi Mortgage, Inc. | N/A | N/A | N/A | Debtor |

   (d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

4. **Unsecured Claims.**
   (a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: __20 %__.
   (b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid in full.

5. **Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as

unsecured as provided in paragraph 4(a) above:

| Other Party to Contract | Property Description | Treatment by Debtor |

None

6. **Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

None

/s/ Barbara S. Arthur
_____

Barbara S. Arthur
Suite 104, East Ridge Commons,
3335 Ringgold Road
Chattanooga, Tennessee 37412
Office Telephone: (423) 697-9016
Fax: (866) 375-8585

(423) 697-9016        BPR Number 4694